UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20751-BLOOM

MACEO WILLIAMS,

    Plaintiff,

v.

JOE BIDEN, et al.,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Maceo Williams's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Complaint, the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Complaint is dismissed, and his Motion is denied as moot.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The privilege of using the federal courts for free to right an individual civil wrong should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action

or proceeding . . . or appeal therein, without the prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed IFP).

Further, 28 U.S.C. § 1915(e)(2) states in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Under § 1915(e)(2)(B)(i), a complaint may be dismissed if the court determines that the action is frivolous. Further, under section 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*,

No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). The plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (internal citation and quotation marks omitted).

In this case, Plaintiff's Complaint fails to state a claim which is plausible on its face and warrants dismissal. Plaintiff alleges in his Complaint that "[o]n or about February 20th 2023, around 3am, a Golden Drone, was following [him] in Overtown, Miami Florida." ECF No. [1] at 5. Plaintiff continues to state that an informant spoke to him and told him that he works for the FBI and that Plaintiff is "gay [] and the Devil." *Id*. Plaintiff alleges that at the time he "was practicing a New Moon, religious sacrifice, Animal sacrifice, In accord to religious observance. And the FBI is doing whatever it can to destroy [his] walk with God, and make [him] appear unholy." *Id*. He contends that "Brian C. Wimes Jr., the FBI and et Al, are running a campaign to

destroy God's Prophets. They even stopped a lot of donations at Mother Teresa house." *Id*. at 5-6. He asserts that he was "Being detained, Inside a psychiatric hospital, from yesterday, Only because [he] wanted to file a complaint against the FBI." *Id*. Plaintiff further alleges that "Broward County Sherriff, took [his] ritual knife" and states that his "religion is being sabatoged [sic]." *Id*. He also asserts that he has "Been through close to five different assination [sic] attempts by the federal Government here in Florida." *Id*. Such conclusory allegations do not satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). The Court finds that those allegations fail to state claim upon which relief may be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED AS MOOT.**
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**